McFarlane v New York City Tr. Auth. (2026 NY Slip Op 01193)

McFarlane v New York City Tr. Auth.

2026 NY Slip Op 01193

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06167
 (Index No. 510180/19)

[*1]Avril McFarlane, etc., respondent, 
vNew York City Transit Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for appellants.
Cherny & Podolsky PLLC, Brooklyn, NY (Jessica G. Itin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 6, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated March 6, 2024, the Supreme Court denied the motion. This appeal ensued.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants established, prima facie, that the alleged injuries to the plaintiff's left knee, left shoulder, and the cervical and lumbar regions of her spine were preexisting, degenerative in nature, and not caused by the accident (see Ramos v Jahar, 233 AD3d 999, 1000; Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' radiologist that the plaintiff's alleged injuries were preexisting and degenerative in nature (see Ramos v Jahar, 233 AD3d at 1000; Amirova v JND Trans, Inc., 206 AD3d at 602; Mnatcakanova v Elliot, 174 AD3d 798, 800).
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court